UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CARL KELLY,<br><br>              Plaintiff,<br><br>   v.<br><br>NEWSOM, et al.<br><br>              Defendants. | Case No. 1:26-cv-01188-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THIS ACTION BE DISMISSED FOR FAILURE TO PAY THE FILING FEE, FAILURE TO PROSECUTE, AND FAILURE TO COMPLY WITH A COURT ORDER<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN A DISTRICT JUDGE |

Plaintiff James Carl Kelly is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. (ECF No. 1). Plaintiff filed a complaint against Governor Gavin Newsom and others on January 22, 2026, in the Northern District of California.  (ECF No. 1).

Along with his complaint, Plaintiff filed a handwritten document entitled "Declaration in Support of Motion to Proceed in Forma Pauperis."  (ECF No. 2). On January 22, 2026, the Clerk of Court of the Northern District of California sent Plaintiff a notice that he had not yet filed an application to proceed *in forma pauperis* or paid the filing fee.  The notice included instructions for paying the fee or filing an application to proceed *in forma pauperis*.  It also ordered Plaintiff

1

to pay the filing fee or submit an application to proceed *in forma pauperis* within 28 days.  (ECF No. 7).

More than 28 days have passed, and Plaintiff has not paid the filing fee or submitted an application to proceed *in forma pauperis*.  Thus, the Court recommends dismissing this case without prejudice for Plaintiff's failure to pay the filing fee, failure to prosecute, and failure to comply with a court order.

## I.    BACKGROUND

On January 22, 2026, along with Plaintiff's complaint, Plaintiff submitted a handwritten document entitled "declaration of *in forma pauperis* (IFP)." (ECF No. 2). The declaration states that "because of my poverty I am unable to pay the costs of said proceeding or to give security. Therefore, and that I believe I am entitled to redress." (ECF No. 3).  Plaintiff also includes information regarding his finances, such as stating "I received $20.00 dollar's from a friend, and it was a gift sir." (ECF No. 3).  Plaintiff attached an unverified Inmate Statement Report.

On January 22, 2026, the Clerk of Court for the Northern District of California issued a notice to Plaintiff explaining that he must either pay the filing fee or submit an application to proceed *in forma pauperis*.  (ECF No. 7).  The notice attached a blank prisoner's application to proceed *in forma pauperis* and a postage-paid envelope.  Additionally, the notice stated:

> WARNING: You Must Respond to this Notice. If you do not respond within 28 DAYS from the filing date stamped above, your action will be DISMISSED, the file closed and the fee will become due immediately. Filing a Prisoner's Application and Declaration to Proceed In Forma Pauperis will allow the court to determine whether installment payments of the filing fee should be allowed.

(*Id.*).

On February 11, 2026, the case was transferred to this District.  (ECF No. 9)

More than twenty-eight days have passed since the Court's notice of the need to pay the filing fee or submit an application to proceed *in forma pauperis*, and Plaintiff has failed to pay the filing fee, file a completed IFP application, or otherwise respond to the Court's order.

## II.    DISCUSSION

Given Plaintiff's failure to pay the filing fee, submit an application to proceed *in forma pauperis*, or respond to the Court's order, the Court will recommend dismissal without prejudice.

The Ninth circuit has provided the following relevant guidance:

> In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

*Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Therefore, the first factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest. . . . It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants. . . ." *Id.* (citations omitted). Here, Plaintiff has failed to respond to the Court's order to pay the filing fee or file an IFP application (ECF No. 7).[1] Moreover, Plaintiff has filed nothing since the commencement of this action on January 22, 2026. Plaintiff's failures are delaying the case and interfering with docket management, as the case cannot progress without the filing fee being paid or Plaintiff being permitted to proceed IFP. *See* 28 U.S.C. §§ 1914, 1915. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to prosecute this case and comply with court orders that is causing delay. As noted above, Plaintiff has failed to pay the filing fee, or file an IFP application. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has chosen not to prosecute this action and has failed to comply with a court order, despite being warned of possible

---

[1] Although Plaintiff filed a document entitled "Declaration in Support of Motion to Proceed in Forma Pauperis," (ECF No. 3), the declaration was not on the Court's form, did not include all information requested by that form, did not include authorization for the institution to collect fees from his trust account, and did not include a certification by an authorized officer of his Trust Account.

dismissal, there is little available to the Court besides dismissal that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Notably, given the stage of these proceedings, the preclusion of evidence or witnesses is not available. Further, because the Court is recommending dismissal without prejudice, it has stopped short of recommending the harsher sanction of dismissal with prejudice. Therefore, the fourth factor weighs in favor of dismissal.

Finally, because public policy favors disposition on the merits, this final factor weighs against dismissal. *Id.*

After weighing the factors, the Court concludes that dismissal without prejudice is appropriate.

### III.   CONCLUSION AND RECOMMENDATION

For the foregoing reasons, IT IS RECOMMENDED that:

1. This action be dismissed, without prejudice, based on Plaintiff's failure to pay the filing fee, failure to prosecute this case, and failure to comply with a court order.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall be limited to no more than fifteen (15) pages, including exhibits. Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, the Court respectfully requests that the Clerk of Court assign a District Judge to this action.
IT IS SO ORDERED.

Dated:   **March 18, 2026**                    /s/ *Erica P. Grosjean*
_____
UNITED STATES MAGISTRATE JUDGE

4